IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>$47,000 IN UNITED STATES CURRENCY,<br>and<br>ONE 2017 TOYOTA TUNDRA,<br>Defendants,<br><br>v.<br><br>WILLIAM LEE MANNS,<br>Claimant,<br><br>v.<br><br>JESSICA STRINGER,<br>Interested Party. | Case No. 19–CV–00551–JPG–RJD |

## ORDER

## I.    INTRODUCTION

Before the Court is the Government's Motion to Dismiss Jessica Stringer's Motion for Interest in Forfeiture, filed August 29, 2019. (ECF No. 26). The Court finds that Jessica Stringer lacks both Article III and statutory standing to contest the forfeiture. Accordingly, the Court **GRANTS** the Government's Motion to Dismiss (construed as a motion to strike) and **STRIKES** Stringer's Motion for Interest in Forfeiture (construed as a claim for assets).

## II.    PROCEDURAL & FACTUAL HISTORY

In May 2019, the Government brought this civil forfeiture action after seizing a 2017 Toyota Tundra and $47,000 from Claimant William Lee Manns pursuant to 21 U.S.C. §§ 881(a)(4) and 881(a)(6), respectively. (ECF No. 1).

In July, Jessica Stringer filed a Motion for Interest in Forfeiture in the form of a remission petition. (ECF No. 8). In the space provided to "explain why [she has] a valid, good faith, and legally recognizable interest in the asset(s) as an owner," Stringer stated that she is "a beneficial owner to asset [sic] in this petition." She also checked a box asserting that she is an "innocent owner" to the seized assets. In the space provided for explaining the reason for the filing, she stated the following:

> My family has suffered in the previous 7 years, due to an extramarital affair w/ individuals in Georgia. My mother (Christine Goldberg) was left penniless.
>
> .        .        .
>
> Any and all granted petitions to myself will be used to help mentor youth + give back to the community for which it was forfeited from.

No other filing on the record references Stringer or Goldberg.

In August, the Government filed a Motion to Dismiss Jessica Stringer's Motion for Interest in Forfeiture. (ECF No. 26). Stringer did not respond, nor did she attend the discovery conference.

## III.    LAW & ANALYSIS

As a preliminary matter, the Court notes that Stringer made several similar filings in United States District Courts across the country. See, e.g., In re 8 Pieces of Assorted Jewelry, No. 19–CV–01439, ECF No. 7 (D. Co. May 21, 2019) (asserting that she is a beneficial owner because she is "in school [and] could benefit using assets to [her] advantage in education") (under consideration); In re 204 Thor Majestic 28A Motorhome 1FDXE4FS2DDA31230, No. 19–CV–01401, ECF No. 15 (D. Co. May 16, 2019) (asserting the same) (filed after the case was closed); In re $9,017.69 in U.S. Currency, No. 16–CV–00705, ECF No. 26 (D. Co. Mar. 25, 2016) (asserting that she is a beneficial owner because she "desire[s] to be a recipient of the assets . . . [d]ue to being adversely affected by the behavior of the prior owner and those w/similar actions") (Government motioned to dismiss); In re $12,929.29, No. 19–CV–02084, ECF Nos. 5–6 (N.D. Ga. Mar. 8, 2019) (asserting the same) (court struck from the record). Several of the filings were dated June 27, 2019: the same date as Stringer's filing here.

The Court construes Stringer's motion—submitted in the form of a remission petition—as a claim for assets. Those with "an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." FED. R. CIV. P. SUPP. R. G(5)(a). Claims need not be made in any particular form. Here, Stringer filled out the section of the remission petition entitled, "INTEREST IN PROPERTY." She also checked a box asserting the innocent-owner defense. See 18 U.S.C. § 983(d) (referring to those asserting the defense as "claimants"). And since remission petitions are generally disposed of by the Attorney General, the Court will assume that Stringer intended this filing to constitute a claim for assets.

Additionally, the Court construes the Government's motion to dismiss as a motion to strike a claim. The Government may move to strike a claim because the claimant lacks standing or failed to comply with Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Motions to strike in the forfeiture context enable fraudulent claims to be dismissed at the threshold. In re Funds in the Amount of $574, 840, 719 F.3d 648, 653 (7th Cir. 2013).

A claimant disputing a civil forfeiture action must establish both Article III standing and statutory standing. In re U.S. Currency, in the Amount of 103,387.27, 863 F.2d 555, 560 n.10 (7th Cir. 1988). The claimant bears the "burden of establishing standing by a preponderance of the evidence." FED. R. CIV. P. SUPP. R. G(8)(c).

Stringer lacks Article III standing. The Supreme Court enumerated three elements of standing: (1) the plaintiff must have suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) there is a causal connection between the injury and the defendant's actions; and (3) the injury is likely redressable by a favorable decision. Lujan v. v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). At the pleading stage, a claimant must allege facts establishing standing. In re Funds in the Amount of $239,400, 795 F.3d 639, 642–43 (7th Cir. 2015); see also In re One Lincoln Navigator, 328 F.3d 1011, 1013 (8th Cir. 2003) ("In a forfeiture case, a claimant's Article III standing

turns on whether the claimants has a sufficient ownership interest in the property to create a case or controversy."). Stringer's claim, however, fails to allege any facts that bear upon the seizure in this case. Besides checking the box indicating that she is an innocent owner of the seized property, the claim is devoid of any facts relevant here. The only fact alleged is that her family suffered due to an extramarital affair in Georgia, leaving her mother penniless. Stringer did not meet her burden of establishing Article III standing to contest the forfeiture of $47,000 and a 2017 Toyota Tundra in Illinois.

Stringer also lacks statutory standing. A claimant establishes statutory standing by complying with the requirements of Rule G. Claims must be signed under penalty of perjury, served on the Government, and specifically identify the property claimed. FED. R. CIV. P. SUPP. R. G(5)(a). To comply with the last requirement, a claimant must state "how he obtained possession of the currency, including, but not limited to, the person(s) from whom he received the currency, the date of receipt, the place of the receipt, and a description of the transaction which generated the currency." In re $196,969 U.S. Currency, 719 F.3d 644, 647 (7th Cir. 2013); see also In re Funds in the Amount of $574,840, 719 F.3d at 653 ("Remember that the claim that Rule G(5)(a)(i) requires . . . is not just a naked statement 'I want the dough.'"). As discussed above, no such facts are alleged in Stringer's claim. Additionally, claimants must "serve and file an answer to the complaint . . . within 21 days after filing the claim." FED. R. CIV. P. SUPP. R. G(5)(b); see also 18 U.S.C. § 983(a)(4)(B). Stringer filed her claim in July and never filed an answer to the complaint. And while this Court may extend the deadline for filing an answer, Stringer's bad-faith filing presents no special or extenuating circumstances warranting extension. Cf. In re U.S. Currency, in the Amount of 103,387.27, 863 F.2d at 561–53 (noting the claimants' good-faith attempts to comply). Accordingly, Stringer failed to meet the requirements of Rule G(5) and thus did not meet her burden of establishing statutory standing.

Finally, the Court finds that Stringer's assertion of an interest is frivolous and will consider her failure to respond to the Government's motion as an admission of its merits. See SDIL-LR 7.1(g). As the Seventh Circuit recognized, "[i]t's all too easy for someone who has no colorable claim to property in government hands to file a claim in the forfeiture proceeding. Such claims, by people trolling the Internet for forfeiture notices, could bog down forfeiture proceedings." In re Funds in the Amount of $574, 840, 719 F.3d at 652–53. Stringer's barrage of baseless claims in jurisdictions across the country is a waste of judicial resources. If the Government ultimately prevails in this action, the Court will consider the imposition of a civil fine against Stringer "of an amount equal to 10 percent of the value of the forfeited property" but not exceeding $5,000. See 18 U.S.C. § 983(h)(1).

## IV. CONCLUSION

The Court **GRANTS** the Government's Motion to Dismiss (construed as a motion to strike) and **STRIKES** Jessica Stringer's Motion for Interest in Forfeiture (construed as a claim for assets).

**SO ORDERED.**

**Dated: Wednesday, October 9, 2019**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**